IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARK ALVIN COURTER,**

                      **Plaintiff,**

      **v.**                                **CASE NO. 06-3152-SAC**

**JOHNSON COUNTY, KANSAS, et al.,**

                      **Defendants.**


**O R D E R**

This matter is before the court on a form complaint for filing under 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The two defendants named in this action are Johnson County, Kansas, and the State of Kansas.

Plaintiff challenges the validity of the habitual offender sentence imposed by the state court in plaintiff's 2003 conviction, and seeks reversal of that sentence. Such relief must be pursued in a petition for writ of habeas corpus under 28 U.S.C. § 2254 after first exhausting state court remedies. *See* <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). Accordingly, plaintiff is directed to show cause why this action should not be liberally construed by the court as seeking habeas corpus relief

under 28 U.S.C. § 2254.[1] The failure to file a timely response may result in the action being so construed without further prior notice to plaintiff.

Because plaintiff states in his complaint that his appeal from his sentence started May 18, 2006, plaintiff is also directed to show cause why this action, if construed as seeking relief under § 2254, should not be dismissed without prejudice based upon plaintiff's apparent failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(habeas relief under § 2254 can not be granted unless applicant has exhausted state court remedies, or has demonstrated that such remedies are unavailable or ineffective under the circumstances).

Plaintiff's motion for appointment of counsel (Doc. 3) is denied. There is no constitutional right to the appointment of counsel in federal habeas corpus proceedings, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), and a party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action, <u>Durre v. Dempsey</u>, 869 F.2d

---

[1] If so construed, the court would grant plaintiff leave to proceed in forma pauperis without prepayment of the $5.00 district court filing fee in a habeas action. Although plaintiff also seeks damages, such relief is not available under § 2254.

To seek damages under 42 U.S.C. § 1983, plaintiff must pay the $350.00 district court filing fee, but may do so over time as provided by 28 U.S.C. § 1915(b)(1) and (2). Also, plaintiff's claims for relief under § 1983 would be subject to being dismissed as premature. Pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a state prisoner cannot bring a § 1983 action to directly challenge his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. <u>Id</u>. at 486-87.

543, 647 (10th Cir. 1989). Having reviewed plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, see Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), the court finds the appointment of counsel in this matter is not warranted.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be liberally construed by the court as seeking relief under 28 U.S.C. § 2254, and dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED: This 8th day of June 2006 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge