IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ALVIN COURTER,

                Plaintiff,

    v.                                    CASE NO. 06-3152-SAC

JOHNSON COUNTY, KANSAS, et al.,

                Defendants.

**O R D E R**

    Plaintiff initiated this action on a form complaint for filing under 42 U.S.C. § 1983, seeking reversal of the habitual offender sentence imposed in his 2003 state court conviction. By an order dated June 8, 2006, the court directed plaintiff to show cause why this matter should not be liberally construed as a habeas action seeking relief under 28 U.S.C. § 2254, and dismissed without prejudice because plaintiff had not exhausted state court remedies on this allegation of error.

    In response, plaintiff agrees to proceed under § 2254. Accordingly, the complaint is so construed, and the court grants plaintiff leave to proceed in forma pauperis in this habeas action.

    Plaintiff's response regarding his exhaustion of state court remedies is not clear, but appears to acknowledge that plaintiff never filed an appeal to the state appellate courts regarding his sentencing claim. Plaintiff states he was advised by counsel not to file an appeal when plaintiff was placed on probation pursuant to a

plea agreement, and further states a state court appeal would now be ineffective because two years have passed since his conviction.

Habeas corpus relief cannot be granted unless petitioner has exhausted state court remedies, or has demonstrated that such remedies are unavailable or ineffective under the circumstances. *See* 28 U.S.C. § 2254(b)(1). The court thus finds this action should be dismissed because plaintiff's response falls far short of establishing circumstances that rendered state court remedies ineffective or unavailable. In an abundance of caution, and to allow plaintiff to pursue any state appellate review that might still be available,[1] the court dismisses this matter without prejudice.

IT IS THEREFORE ORDERED that this action is hereby construed as a habeas action seeking relief under 28 U.S.C. § 2254, and plaintiff is granted leave to proceed in forma pauperis in this habeas matter.

IT IS FURTHER ORDERED that the habeas application is dismissed

---

[1] Plaintiff is advised, however, that if no state court remedies are now available, the failure to comply with state procedural rules in presenting his claim to the Kansas appellate courts would constitute a procedural default of his state court remedies.
  The procedural default doctrine bars federal habeas review of an applicant's habeas claims absent the applicant's showing of cause for the default and actual prejudice resulting from the alleged violation of federal law, or a showing that the failure to consider the applicant's claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993). *See* Murray v. Carrier, 477 U.S. 478, 495-96 (1986)("cause" for procedural default ordinarily requires a showing of objective external factors that impeded an applicant's efforts to comply with procedural rules); United States v. Frady, 456 U.S. 152, 170 (1982)("prejudice" requires applicant to show that he suffered actual and substantial disadvantage as a result of the default).

without prejudice.

**IT IS SO ORDERED.**

DATED:  This 23rd day of June 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge